UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN P. CHAVEZ, et al.,<br><br>       Plaintiff,<br><br>-against-<br><br>DHS CHAIN/COMMAND, et al.,<br><br>       Defendants. | 21-CV-7259 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiffs filed this complaint *pro se*. By order dated November 16, 2021, the Court granted Plaintiffs' requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Juan Chavez (Chavez) initially filed this action naming in the caption of the complaint, "Homeless People" as the plaintiff and "DHS Chain/Command" as the defendant. (ECF 2.) He also submitted an application to proceed IFP with a missing second page and identifying the plaintiffs as "Chavez; Totenberg; Grant" and the defendants as "City of NY; DOES, et al." (ECF 1.) Chavez did not sign the complaint and signed the incomplete IFP application with the names "Chavez Totenberg." On September 21, 2021, the Court directed Chavez, within thirty days, to file an amended complaint with his real name, signature, and address, and to either pay the $402.00 in filing fees or submit an amended IFP application with his real name, signature, and address. (ECF 4.) Because Chavez failed to comply with the September 21, 2021 order, on November 4, 2021, the Court dismissed the complaint without prejudice. (ECF 6-7.)

On the same day, however, Chavez submitted a motion for an extension of time, along with an amended complaint naming several additional plaintiffs and six IFP applications. Because Chavez alleged in the motion that he had been hospitalized, on November 10, 2021, the Court granted Chavez's request for an extension of time, and directed the Clerk of Court to vacate the November 4, 2021 order and judgment (ECF 6-7), and to reopen this action for further proceedings.

Plaintiffs use the court's general amended complaint form for their claims. The named plaintiffs in the caption of the amended complaint are "Homeless People" and six individuals – Chavez, Julius Smith, Thomaseral Lyons, Ernest Johnson, Liam Pleasante, and Mario Doe. The amended complaint is signed by Chavez, Smith, Lyons, Johnson, and Pleasante, but not by Mario Doe. In addition, all six individual plaintiffs submitted IFP applications, but the IFP application submitted by Mario Doe is not signed. The named defendants in the caption of the amended complaint are "DHS Chain/Command," the City of New York, U.S. Postmaster, Jorge Fernandez, and Does 1-145.

The amended complaint is difficult to understand, failing to clearly present the events giving rise to Plaintiffs' claims. In the statement of claim section, Plaintiffs provide the alleged facts giving rise to their claims, but write the names of specific individuals in the margins of the form for some of the claims. Plaintiffs appear to attribute the following claims to Johnson: "1. made you sit in that chair for 4-5 nights[;] 2. elevator wasn't working, couldn't get up stairs'[;] [and] 3. property loss." (ECF 8, at 9.) The following claims appear to be those of Pleasante: "1. we need a 'smoke room'[;] [and] 2. we need a 'frigerator.'" (*Id*.) The remaining assertions appear to be on behalf of all the plaintiffs:

1. we need safety transfer – assessment/intervention w/ full case management team "6 months" "they should build a building for that person."

    2. recreation facilities horrible.

    3. moral subpar.

    4. Overwhelmed by homeless explosion.

    5. Uncomfortable unvetted/undiagnosed clients who are spreading virus.

(*Id*. at 9-10.) Plaintiffs assert "intentional infliction of mental distress" and seek as relief "homes." (*Id*. at 10.)

In addition, attached to the amended complaint are several documents relating only to Chavez. (*See* ECF 10-1.) The first few documents are communications regarding Chavez's scheduled August 30, 2021 in-person interview with Ruby's Place, a supporting housing program in Brooklyn, New York. The correspondence includes several emails from Jorge Fernandez, one of the named defendants. The remaining documents are letters and copies of envelope concerning Chavez's health care plans. Among these are a note providing the docket number of this case and stating, "postal mail exhibits submitted unopened." (*Id*. at 14.)

## DISCUSSION

**A.    Claims on behalf of Homeless People and Mario Doe**

Plaintiffs, who are proceeding *pro se*, style the amended complaint as an action on behalf of Homeless People, and they name Mario Doe, who has not signed the amended complaint, as a plaintiff. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" (citations omitted)); *Phillips v. Tobin*, 548 F.2d 408, 410 (2d Cir. 1976) (holding that it is plain error to permit a *pro se* prisoner to bring a class action on behalf of fellow inmates). The Court therefore construes the amended complaint as asserting claims solely on behalf of Chavez,

4

Smith, Lyons, Johnson, and Pleasante – the plaintiffs who have signed the amended complaint, and dismisses without prejudice Mario Doe's claims.

**B.      Failure to state a claim for relief**

Plaintiffs bring this action apparently seeking to challenge the conditions of the unidentified shelter where they reside. They allege the following: someone was made to sit in a chair for several nights, possibly because the sleeping area was inaccessible because the elevator was broken; the facilities are horrible and there should be more amenities; untested virus carriers are allowed in the shelter; the place is overwhelmed with clientele; and property has gone missing. Plaintiffs want to be transferred to a better facility or possibly find a home. The amended complaint, however, fails to satisfy federal pleading rules. Plaintiffs do not provide a short and plain statement showing that they are entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure or include any facts suggesting that any defendant violated their rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Because the amended complaint contains no facts about what occurred, where the alleged violations occurred, or how the defendants or any other person allegedly violated Plaintiffs' rights, it fails to articulate viable legal claims.

Further, even if the Court were to construe Plaintiffs' claims as being brought under 42 U.S.C. § 1983,[1] their assertions of being in an undesirable shelter do not state a federal claim

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or law of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

because they do not have a due process property right to placement in a particular type of shelter under federal law or New York law. *See Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality. . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions"); *Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 512 (S.D.N.Y. 2009) ("The Plaintiff has no claim for deprivation of property without due process because he does not have a property right to placement in a particular type of shelter under New York law.").

**C.     Leave to amend denied**

As Plaintiffs proceed in this matter without the benefit of an attorney, the Court would generally grant them an opportunity to cure the amended complaint's defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Court declines to grant Plaintiffs another opportunity to amend because the claims pertain primarily to Chavez. Although Smith, Lyons, Johnson and Pleasante signed the complaint and submitted IFP applications, it is clear from the attached submissions that this complaint is being brought primarily on behalf of Chavez, who has an extensive history of filing vexatious litigation in federal courts. Chavez has filed multiple cases in this and other courts both under his own name and under fictitious names, which have been dismissed for lack of merit or for failure to comply with court orders. *See, e.g., Natural-Unido v. Broad Corp. Does*, ECF 1:21-CV-5586, 7 (S.D.N.Y. Nov. 3, 2021) (listing twenty cases). Like this action, many of the prior complaints were against municipal entities concerning the shelter system. On November 16, 2021, the Court warned Chavez that further frivolous or nonmeritorious litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him

from filing any new actions IFP without prior permission. *See Chavez v. Cause Ya'll Took My Phone I Don't Know Their Names*, ECF 1:21-CV-8526, 4 (S.D.N.Y. Nov. 16, 2021).

The Court dismisses the amended complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The action is dismissed with prejudice as to Chavez, and without prejudice as to Smith, Lyons, Johnson, and Pleasante. Should Smith, Lyons, Johnson, or Pleasante wish to pursue their claims, each of them may file a new complaint with a clear and concise account of the facts and specifically stating how the named defendants violated his federally protected rights. Each complaint must be accompanied by the $402.00 in filing fees required to file an action in this Court or completed and signed requests to proceed IFP, that is, without prepayment of fees. Should Smith, Lyons, Johnson, or Pleasante file new complaints, each action will be given a new case number.

The Court again warns Chavez that his continued filing in the court of submissions that do not comply with the Federal Rules of Civil Procedure will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiffs' amended complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The action is dismissed with prejudice as to Chavez, and without prejudice as to Smith, Lyons, Johnson, Pleasante, and Doe. The Clerk of Court is directed to terminate all other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated: December 7, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge